LIMPERT BROTHERS, INCORPORATED, APPELLANT, v. R.
M. FRENCH & SON ET AL., RESPONDENTS.

Argued March 16, 1917—Decided June 18, 1917.

1. The respondents caused an attachment to be issued out of a
   court for the trial of small causes and under it the debtor's
   goods were seized; subsequently, but before judgment in the pro-
   ceedings, the prosecutors, as they claim, issued an attachment
   out of the Circuit Court against the same debtor and under it
   the same goods were seized. *Held*, that if it appeared that prose-
   cutor had in fact issued the attachment and seized the goods
   it had the same right that the debtor would have to move the
   justice court to quash the writ issued by that court, and to
   rescue the goods, on which it had a lien, from the prior seizure.
2. In support of such motion *ex parte* affidavits are not sufficient;
   the material facts must be proved before the justice, by the pro-
   duction of competent proof.
3. A stipulation of facts not submitted to the justice of the peace
   cannot be used on review by an appellate court.

On appeal from the Supreme Court.

For the appellant, *James O. Clark.*

For the respondents, *Augustus C. Nash* and *Winfield S.
Angleman.*

The opinion of the court was delivered by

BERGEN, J. R. M. French & Son procured a writ of attach-
ment to be issued out of a court for the trial of small causes
and the officer seized the property of Clay & Tokis, trading as
"Diana," the defendants in that proceeding. Subsequently,
and before judgment therein, it is claimed by the present
prosecutor that it caused to be issued a writ of attachment out
of the Union County Circuit Court, under which the same
property was attached by the sheriff. Thereafter, the prose-
cutor filed an affidavit with the justice of the peace and moved
to quash the writ issued by him because the Christian names

of the defendants are not set forth in the affidavit or the attachment.

The affidavit and the writ described the defendants as "Clay & Tokis, partners trading and doing business as Diana," and the motion to quash was made in pursuance of a stipulation that it should be made in one case, there being other attachments of like nature, "for the purpose of establishing the validity of said attachment." The court, after argument, refused to quash the attachment and proceeded to hear the merits, rendering judgment for R. M. French & Son. The prosecutor then obtained a writ of *certiorari* to review the order of the court for the trial of small causes in refusing to quash, and the Supreme Court dismissed the writ upon the ground that the statute does not authorize a stranger to the record in that court to intervene by filing an affidavit of interest in the subject-matter of the litigation, and, therefore, the prosecutor had no legal status in the proceeding.

Assuming that it was properly proven before the justice that a writ of attachment had been issued out of the Circuit Court and the same goods seized under it, we are of the opinion that the conclusion of the Supreme Court was not sound in law, for it was held in *National Papeterie Co.* v. *Kinsey,* 54 *N. J. L.* 29, where a subsequent judgment creditor moved to quash a prior attachment that "the judgment creditors acquired the right of the judgment debtor in the property levied on, and had a right to rescue it for the satisfaction of their claims from any one who could not assert a superior title in the law to it. It is not perceived how the efficacy of the proceedings under the judgments can be impaired, or how validity can be imparted to attachment proceedings unauthorized by law, by the mere volition of the debtor as against the judgment creditors. The debtor may waive his own rights, but he cannot, surrender the rights of his judgment creditor." We are of opinion that an attachment vests in the attaching creditor the same right of rescue as if he were a judgment creditor, and that if the debtor has a right to move to quash an attachment in any court, his attaching creditor has the same right. He has a lien upon the property and stands in the place of the

debtor and if the debtor is entitled to have the writ quashed he cannot defeat the rights of his other creditors, having a lien, by consenting to the execution of a void attachment. The prosecutor's difficulty in this case arises over the method which it adopted in proceeding to quash the attachment, for while, as was said in *McLaughlin* v. *Cross*, 68 *Id.* 599, "the practice is quite general to afford relief against void judgments to any person interested," the method of relief in a case of this character seems to be prescribed by statute. Section 43 of the Attachment act provides that in all cases of an attachment issued by a justice of the peace, when an affidavit shall be filed by or on behalf of the defendant, setting forth facts which would render said attachment illegal or void, it shall be the duty of the justice upon a motion to quash to try the facts. In this case the prosecutor produced no witnesses but seems to have relied on the affidavit filed by him, and also the affidavit upon which the justice issued the writ, but it was held in *Morris* v. *Quick*, 45 *Id.* 308, that the *ex parte* affidavits of the moving party cannot be used on the motion but that he must sustain the burden by legal evidence, that the writ was illegally issued.

The original affidavit described the debtor as "Clay & Tokis, partners trading and doing business as Diana," and section 3 of the Attachment act provides that the writ may issue against the separate and joint estate of joint debtors "either by their names or the names of the partnership or by whatsoever name they may be generally distinguished." In the original affidavit the defendant is described as doing business under the name of Diana, and the prosecutor offered no proof that this was not correct.

Nor did the prosecutor make any legal proof before the justice of the peace that any attachment had been issued out of the Circuit Court and the debtor's goods attached under it.

Without this there was nothing before the justice to show that the prosecutor had any interest in the goods to be rescued for its benefit. The stipulation between the parties, from which an inference, it is claimed, may be drawn that there was such a writ of attachment was not submitted to

the justice, and his record as returned, to correct which no attempt has been made, certifies that "This court has no knowledge except the statements of the attorney that a writ of attachment has been issued out of the Union County Circuit Court. If a writ affecting these proceedings has been issued, superseding or affecting this jurisdiction, this court has not been officially so informed." Under the facts before the justice he correctly disposed of the motion.

For the reasons given the judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.  11.

*For reversal*—None.